IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAURICE MOLLETT,                )
                                )
            Plaintiff,           )
                                )
      v.                         ) Civil Action No. 04-808
                                )
JO ANNE B. BARNHART,             )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                )
            Defendant.           )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 15th day of August, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for SSI on June 8, 2001, alleging disability beginning December 14, 2000, due to emphysema, shortness of breath and right ankle problems. (R. 82). Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on July 22, 2002, at which plaintiff appeared represented by counsel. At the hearing, plaintiff also claimed that he is disabled due to depression. (R. 29). On September 23, 2002, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on April 9, 2004, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 53 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age

2

under the regulations. 20 C.F.R. §416.963(d). Plaintiff has a high school education through a general equivalency degree. Plaintiff has past work experience as a custodian, but has not engaged in substantial gainful activity since he filed his SSI application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of chronic pulmonary insufficiency and status post right ankle fracture, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a wide range of light work with a sit-stand option. Plaintiff only can engage in occasional walking, crawling, squatting, kneeling, balancing and climbing. In addition, plaintiff requires work that does not involve more than limited pushing and pulling of controls with the lower extremities. Finally, plaintiff must avoid exposure to temperature extremes, weather changes, dampness, wetness, excessive humidity, dust, fumes, odors and gases (collectively,

AO 72
(Rev. 8/82)

the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a ticket sales agent, hand packer or video rental clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently

AO 72
(Rev. 8/82)

engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

Here, plaintiff does not challenge any of the ALJ's findings discussed above with respect to his physical impairments. His only argument is that the ALJ erred at step 2 of the sequential evaluation process by finding that his claimed depression is non-severe. The court disagrees with plaintiff's argument and finds that substantial evidence of record supports the ALJ's finding.

The "severity regulation" applied at step 2 requires that the claimant have a severe impairment or combination of impairments, which significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §416.920(c).[1] The Social Security Regulations and Rulings, as

---

1. Basic work activities include the ability to: (1) perform physical functions; (2) see, hear and speak; (3) understand, carry out and remember simple instructions; (4) use judgment; (5)

well as case law applying them, discuss the step 2 severity determination in terms of what is "not severe." <u>Beasich v. Commissioner of Social Security</u>, 2003 WL 21299604, *8 (3d Cir. 2003) (<u>citing</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996)). According to the Regulations, an impairment "is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §416.921(a).

The step 2 inquiry is a <u>de minimis</u> screening device to dispose of groundless claims. <u>Beasich</u>, 2003 WL 21299604 at *8; <u>Smolen</u>, 80 F.3d at 1290. Social Security Ruling 85-28 clarifies that an impairment can be found "not severe" only if the evidence establishes a slight abnormality which has no more than a minimal effect on an individual's ability to work. Thus, only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step 2. <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 158 (1987) (O'Connor, J., concurring). If the evidence indicates more than a "slight abnormality," the step 2 requirement of "severe" is met and the sequential evaluation process should continue. <u>Beasich</u>, 2003 WL 21299604 at *8; <u>Smolen</u>, 80 F.3d at 1290.

Although the principles discussed above indicate that the

---

respond appropriately to supervision, co-workers and usual work situations; and (6) deal with changes in a routine work setting. 20 C.F.R. §416.921(b)(1)-(6).

burden on an applicant at step 2 is not an exacting one, plaintiff nonetheless bears the burden to prove that his depression is a severe impairment. 20 C.F.R. §416.912(c); Yuckert, 482 U.S. at 146 n.5 (stating that claimant bears the burden of proof at step 2 of the sequential evaluation process). Plaintiff has not met that burden in this case, as the medical evidence of record does not indicate that plaintiff suffers from severe depression.

Other than plaintiff's suggestion at the administrative hearing the he suffers from depression, there is only one reference in the record to any such problem. Plaintiff's family physician, Dr. Hall, completed a "Mental Status Questionnaire" form that appears to have been created by plaintiff's counsel. (R. 151-53). The form was signed by Dr. Hall, and by another individual identified as therapist B. Helz. (R. 153). The form notes a diagnosis of depression with delusional features. (R. 151). The form asks the reviewer to identify whether plaintiff has mild, moderate, marked, extreme or no limitations in certain areas. Dr. Hall and/or B. Helz found that plaintiff has no limitations in activities of daily living, mild limitations in task completion and marked limitations in social functioning. (R. 152). Neither Dr. Hall or therapist Helz explained the basis for these ratings or provided supporting medical findings. In response to a question whether plaintiff can perform full time work, there is a notation that it "depends on the type of work",

and there also is a notation suggesting that plaintiff would be unable to work full time. (R. 153). It is unclear which notation was made by Dr. Hall or therapist Helz. Nevertheless, to the extent Dr. Hall found plaintiff to be disabled due to depression, that opinion is not supported by any medical records, reports, treatment notes, test results or other medical findings in the record by Dr. Hall or by any other physician who examined plaintiff. None of the evidence of record even discusses depression, let alone supports the conclusion that plaintiff is disabled because of it.

For all of these reasons, the ALJ properly rejected the form completed by Dr. Hall and/or therapist Helz suggesting that plaintiff is disabled due to depression. (R. 13). The ALJ aptly noted that there is no longitudinal history of depression documented in the record, and the ALJ correctly concluded that plaintiff's depression is non-severe. (R. 13). This court is satisfied that the ALJ's finding regarding the non-severity of plaintiff's claimed depression is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous.

AO 72
(Rev. 8/82)

Accordingly, the decision of the Commissioner must be affirmed.

*/s/ Gustave Diamond*
Gustave Diamond
United States District Judge

cc:  Gregory G. Paul, Esq.
     Peirce, Raimond & Coulter, P.C.
     2500 Gulf Tower
     707 Grant Street
     Pittsburgh, PA 15219

     Ellen M. Fitzgerald
     Assistant U.S. Attorney
     Suite 400, U.S.P.O. & Courthouse
     Pittsburgh, PA 15219

AO 72
(Rev. 8/82)